**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

JAMES SANDERS, as Administrator of the )
Estate of BETTY SANDERS, and CURTIS )
BOBO, )
        )
       **Plaintiffs,** )
        )
vs. )   **CIVIL NO. 07-64-GPM**
        )
MERCK & CO., INC., and CVS )
PHARMACY, INC., )
        )
       **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

    This matter is before the Court on the motion for a stay of proceedings brought by Defendant Merck & Co., Inc. ("Merck") (Doc. 4) and the motion for remand to state court brought by Plaintiff James Sanders, as administrator of the estate of Betty Sanders, and Plaintiff Curtis Bobo (Doc. 11). For the following reasons, Merck's motion for a stay is **DENIED**. The motion for remand brought by Sanders and Bobo is **GRANTED**.

## INTRODUCTION

    This case is a successor to *Riddle v. Merck & Co.*, Civil No. 06-172-GPM (S.D. Ill. filed Feb. 27, 2006).[1]  In the *Riddle* case Sanders and Bobo joined with Kimberly Riddle, Sybil Griffin, Rita Carr, Huey Danzie, Roy Shain, Ray Hemken, and Clemotine Cornelious to bring suit

---

1.    The Court is entitled, of course, to judicially notice the court file in a related case, *see Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 n.1 (S.D. Ill. 2006), although, as a practical matter, the complaint in the *Riddle* case is also the complaint attached to the notice of removal in this case. *See* Doc. 3, Ex. 1.

for personal injuries allegedly caused by Vioxx, a prescription pain medication manufactured by Merck.  Sanders, who brings a wrongful death claim in connection with the death of his mother, Betty Sanders, allegedly as a result of taking Vioxx, asserted in addition to claims against Merck claims against Defendant CVS Pharmacy, Inc. ("CVS") based on prescriptions for Vioxx that CVS allegedly filled for his decedent.  Similarly, in addition to their claims against Merck, Riddle and Carr asserted claims against Walgreen Co. ("Walgreens") and Griffin asserted claims against American Drug Stores, Inc. ("Osco Drugs") based on prescriptions for Vioxx that Walgreens and Osco Drugs allegedly filled for them.  The *Riddle* action was filed originally in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, on February 1, 2006, then removed by Merck to this Court in federal diversity jurisdiction on February 27, 2006.  On April 21, 2006, the Court remanded the *Riddle* case to state court for lack of subject matter jurisdiction.  *See Riddle v. Merck & Co.*, Civil No. 06-172-GPM, 2006 WL 1064070 (S.D. Ill. Apr. 21, 2006).

On January 23, 2007, the state court entered an order in the *Riddle* case which provides in full:

> The matter comes before the Court on all Defendants' Motions to Transfer for *Forum Non Conveniens* and Motions to Sever.  The Court hereby severs Plaintiffs James Sanders and Curtis Bobo for purposes of the Motions to Transfer only.  The cases of those Plaintiffs shall remain in St. Clair County.  The Court grants the Motions to Transfer with respect to Plaintiffs Riddle, Griffin, Carr, Danzie, Shain, Hemken, and Cornelious; however, over Defendants' objections, these cases are transferred to Cook County.  The Court makes no rulings on Defendants' Motions to Sever, except as necessary to address the Motions to Transfer with respect to Plaintiffs Sanders and Bobo as stated above, and sends the remaining Motions to Sever to the transferee court in Cook County, Illinois.
>
> The Clerk is ordered to establish a new cause number and file for Sanders and Bobo v. Merck & Co., Inc., et al.  All costs and fees with respect to this new file are hereby waived.

Doc. 3, Ex. 2.  On January 25, 2007, Merck removed the claims of Sanders and Bobo to this Court

in diversity jurisdiction for the second time; CVS timely consented to the removal.  *See* Doc. 2, Ex. 3; Doc. 7.  Although after removal the case initially was assigned to United States District Judge David R. Herndon, on February 2, 2007, it was reassigned to the undersigned United States District Judge, in conformity with the Court's policy that related cases, in this instance *Riddle* and this case, should be concentrated before the same judge.  *See Smith v. Check-N-Go of Ill., Inc.*, 200 F.3d 511, 513 n.1 (7th Cir. 1999); *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999); *Vogel v. Merck & Co.*, Civil No. 07-21-GPM, 2007 WL 709002, at *1 (S.D. Ill. Mar. 6, 2007).  Merck has moved for a stay of this case pending transfer of the case to a multidistrict litigation ("MDL") proceeding.  Sanders and Bobo in turn have moved for remand of their claims to state court.

## DISCUSSION

### A.    Motion to Stay

In opposing Plaintiffs' request for remand, Merck urges the Court to stay proceedings in this action pending transfer of the action by the Judicial Panel on Multidistrict Litigation ("JPML") to an MDL proceeding for coordinated or consolidated pretrial proceedings.  *See* 28 U.S.C. § 1407.  As Merck acknowledges, the Court retains full jurisdiction over this action until such time as a transfer order by the JPML is filed in the office of the clerk of the district court of the transferee district, in this instance the United States District Court for the Eastern District of Louisiana.  *See Illinois Mun. Ret. Fund v. Citigroup, Inc.*, 391 F.3d 844, 850 (7th Cir. 2004).  The decision to grant a stay rests within the Court's discretion.  *See Smith v. Merck & Co.*, No. CIV. 06-882-GPM, 2007 WL 403789, at *1 n.1 (S.D. Ill. Jan. 12, 2007); *George v. Kraft Foods Global, Inc.*, No. 06-cv-798-DRH, 2006 WL 3842169, at *1 (S.D. Ill.

Dec. 22, 2006); *Walker v. Monsanto Co. Pension Plan*, Nos. 04CV436 DRH, 06CV139 DRH, 06CV3 DRH, 05CV736 DRH, 2006 WL 4023651, at *1 (S.D. Ill. Oct. 25, 2006); *Brooks v. Merck & Co.*, 443 F. Supp. 2d 994, 997 (S.D. Ill. 2006).

In *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044 (E.D. Wis. 2001), the court concluded that, in deciding whether to address a motion to remand or to defer consideration of the motion pending transfer of an action by the JPML, a court's "first step should be to make a preliminary assessment" of the propriety of removal.  *Id*. at 1048.  If the preliminary assessment suggests that removal was improper, then the court should consider the motion to remand.  *See id*. at 1048-49.  The principle set out in *Meyers* is consistent with the settled rule that "[t]he removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand."  *Kuntz v. Illinois Cent. R.R. Co.*, 469 F. Supp. 2d 586, 589 (S.D. Ill. 2007).  The Court's initial assessment of the motion for remand in this case and the response thereto filed by Merck suggests that the removal is improper.  Therefore, the Court concludes that it should consider the motion for remand even though Merck is attempting to have this case transferred by the JPML.  *See Wisconsin v. Abbott Labs.*, No. 04-C-447-C, 2004 WL 2055717, at *1 (W.D. Wis. Sept. 9, 2004) (applying *Meyers* and lifting a stay of proceedings for the purpose of considering a motion to remand, since it appeared the removal was improper, despite the JPML's conditional transfer order directing transfer of the case to an MDL proceeding).

### B.    Motion to Remand

#### 1.    Legal Standard

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,

to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  A federal court may exercise jurisdiction in diversity if all parties to an action are of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant, and an amount in excess of $75,000, exclusive of interest and costs, is in controversy.  *See* 28 U.S.C. § 1332; *Lyerla v. Amco Ins. Co.*, 461 F. Supp. 2d 834, 835 (S.D. Ill. 2006).  A party seeking removal has the burden of establishing federal jurisdiction.  *See Fuller v. BNSF Ry. Co.*, No. CIV. 06-722-GPM, 2007 WL 403853, at *1 (S.D. Ill. Jan. 3, 2007); *McNichols v. Johnson & Johnson*, 461 F. Supp. 2d 736, 738 (S.D. Ill. 2006).  "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.'  Put another way, there is a strong presumption in favor of remand."  *LaRoe v. Cassens & Sons, Inc.*, No. CIV. 06-713-GPM, 2006 WL 4018917, at *1 (S.D. Ill. Nov. 30, 2006) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).  *See also Dudley v. Putnam Inv. Funds*, Civil No. 06-940-GPM, 2007 WL 329129, at *8 n.6 (S.D. Ill. Feb. 1, 2007) ("[T]he Court is required to apply the removal statutes strictly, with a presumption in favor of remand, … and the Court has not been empowered by Congress … to fashion equitable removal solutions to procedural complexities …  in order to smooth a defendant's path to federal court via removal.").

## 2.     Existence of Diversity Jurisdiction

In evaluating the propriety of removal in this case, the Court turns first to the question of whether federal subject matter jurisdiction is proper in diversity.  With respect to complete diversity of citizenship, Sanders' decedent, Betty Sanders, is an Illinois citizen for diversity purposes, as is Bobo.  *See* Doc. 3, Ex. 1 ¶¶ 5-8.  *See also* 28 U.S.C. § 1332(c)(2).  Merck is a New Jersey citizen and CVS is a Rhode Island citizen.  *See* Doc. 3, Ex.1 ¶ 14, ¶ 18.  *See also* 28 U.S.C. §

1332(c)(1).  As discussed, the original complaint in the *Riddle* case contained claims by Riddle, Carr, and Griffin against other Illinois citizens, namely, Walgreens and Osco Drugs.  *See* Doc. 3, Ex. 1 ¶ 2, ¶ 3, ¶ 4, ¶ 16, ¶ 17.  However, the state court's order entered January 23, 2007, severed the claims of Sanders and Bobo from those of Riddle, Griffin, Carr, Danzie, Shain, Hemken, and Cornelious.  The state court's order, in severing the claims of Sanders and Bobo from those of Riddle, Griffin, Carr, Danzie, Shain, Hemken, and Cornelious, transferred the claims of Riddle, Griffin, Carr, Danzie, Shain, Hemken, and Cornelious to the Circuit Court of Cook County, Illinois, and directed that the claims of Sanders and Bobo would proceed in the St. Clair County court by way of a new case file with a new docket number.

The Court concludes that the state court's order entered January 23, 2007, severed the claims of Sanders and Bobo from the claims of Riddle and Carr against Walgreens and the claims of Griffin against Osco Drugs, thus creating complete diversity of citizenship.  In determining whether a state-court severance order creates diversity, a court must examine:  (1) whether the severance "truly create[s] different lawsuits, and not just separate trials in a single lawsuit"; (2) whether a non-diverse party has been removed to federal court together with a diverse defendant and whether the diverse party is participating in the pre-trial proceedings in the federal court, "leading to the conclusion that no true severance has taken place"; and (3) whether the state court severance has "result[ed] in entirely separate actions with separate judgments for the claims which are severed." *Vogel*, 2007 WL 709002, at *3 (quoting *Johnson v. Snapper Div. of Fuqua Indus., Inc.*, 825 F. Supp. 127, 129 (E.D. Tex. 1993)).  In this case, the state court's order severed the claims of Sanders and Bobo from those of the other plaintiffs in the *Riddle* case and permitted the claims of Sanders and Bobo to proceed in the St. Clair County court only by way of a new case file with a new

docket number.  Further, none of the diversity-defeating defendants in the *Riddle* case are parties to this case.  The Court is satisfied that the state court's order created complete diversity of citizenship with respect to the claims of Sanders and Bobo.  *See Johnson*, 825 F. Supp. at 130 (a state-court severance order created complete diversity of citizenship so as to permit removal where "the plaintiffs' claims against [a non-diverse defendant] were … severed … and made the subject of a separate action … under a new style and with a new cause number," and the diversity-defeating defendant was not a party to the removed action).  *Cf. Vogel*, 2007 WL 709002, at *4 (holding that a state-court order purporting to sever claims against diversity-defeating defendants from claims sought to be removed in diversity did not create complete diversity of citizenship where the claims as to which removal was sought had not been made the subject of a new action under a new caption and docket number, and the diversity-defeating defendants had been removed to federal court, belying the removing defendant's claim of a severance in state court); *Miller v. Fulton*, 113 F. Supp. 2d 1035, 1039 (S.D. Miss. 2000) (a state-court order providing for "severance and separate trials" of claims against diverse and non-diverse defendants did not permit removal of the claim against the diverse defendant, where the claims had not been separately docketed in state court and the claim against the non-diverse defendant had been removed together with that against the diverse defendant); *Caldwell v. Alfa Ins. Corp.*, 806 F. Supp. 623, 624-25 (S.D. Miss. 1992) (observing that, "given a widely-recognized looseness in usage of the language" regarding severance, "[u]se of the word 'severed' is insufficient, in itself, to establish a … severance," and holding that a state-court order providing that a plaintiff's claims against a non-diverse defendant were "severed for trial purposes" from the plaintiff's claims against a diverse defendant did not permit removal in diversity of the plaintiff's claims against the diverse defendant).

Concerning the jurisdictional amount in controversy, the parties do not contest that an amount in excess of $75,000, exclusive of interest and costs, is in controversy, and in light of the serious injuries alleged in the complaint (Sanders asserts that Betty Sanders, his mother, suffered a fatal heart attack as a result of taking Vioxx, and Bobo alleges that taking Vioxx caused him to suffer a heart attack, *see* Doc. 3, Ex. 1 ¶¶ 5-8), the Court has no difficulty concluding that the claims of both Sanders and Bobo satisfy the jurisdictional minimum for diversity purposes. *See Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006) (addressing sua sponte on appeal the issue of subject matter jurisdiction in a case removed in diversity, and holding that jurisdiction was proper where the plaintiff's complaint sought damages "in excess of $50,000" and alleged "severe and permanent" injuries, and where discussion between the parties' counsel led the removing defendant to believe the plaintiff's medical and rehabilitation expenses alone would exceed $75,000, and the plaintiff did not challenge the removing defendant's estimate of his potential damages); *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (in a removed case arising from a slip-and-fall incident at a motel, holding that the amount in controversy was satisfied where the plaintiff's medical expenses and lost earnings amounted to $45,000, so that "[a] modest allowance for pain, suffering, and future losses (either income foregone or medical expenses incurred) brings the total over the threshold."); *Yount v. Shashek*, No. CIV. 06-753-GPM, 2006 WL 4017975, at *9 (S.D. Ill. Dec. 7, 2006) (finding the jurisdictional amount in controversy for diversity purposes satisfied where "[t]he allegations of the operative complaint … assert[ed] that as a result of his injury [the plaintiff] has suffered permanent and disabling injuries and pain and suffering, and that he has incurred and will continue to incur significant medical expenses and loss of income[.]").  Because diversity of citizenship is complete

and the jurisdictional amount in controversy is satisfied, the Court concludes that federal subject matter jurisdiction in diversity is proper in this case.

### 3.    Voluntary-Involuntary Rule

Notwithstanding the existence of diversity jurisdiction in this case, Merck's removal of the claims of Sanders and Bobo founders on the familiar "voluntary-involuntary" rule, the settled principle that only a plaintiff's voluntary act establishing federal subject matter jurisdiction can make a case removable in diversity. *See McCormick v. Excel Corp.*, 413 F. Supp. 2d 967, 971 (E.D. Wis. 2006); *Marchionna v. Ford Motor Co.*, No. 94 C 275, 1995 WL 476591, at *8 (N.D. Ill. Aug. 10, 1995); *Ciaccio v. Playtex Family Prods.*, No. 88 C 4577, 1988 WL 105304, at *1 (N.D. Ill. Oct. 4, 1988).  *See also Yount*, 2006 WL 4017975, at *9 n.6.  Because the state-court severance of the claims of Sanders and Bobo from those of Riddle, Griffin, Carr, Danzie, Shain, Hemken, and Cornelious was contested, the voluntary-involuntary rule is applicable in this case. *See Miller*, 113 F. Supp. 2d at 1039-40 (even if a state court had severed claims against a jurisdictionally diverse insurer from claims against a non-diverse insured, remand to state court following removal by the insurer would have been warranted under the voluntary-involuntary rule, given that the plaintiff opposed the severance).

Fraudulent joinder to defeat federal diversity jurisdiction is an exception, of course, to the voluntary-involuntary rule.  *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72-73 (7th Cir. 1992); *Ushman v. Sterling Drug, Inc.*, 681 F. Supp. 1331, 1336 (C.D. Ill. 1988); *Vidmar Buick Co. v. General Motors Corp.*, 624 F. Supp. 704, 707 (N.D. Ill. 1985).  In this Circuit, the traditional test of fraudulent joinder to defeat diversity jurisdiction is whether there has been outright fraud in a plaintiff's pleading of jurisdictional facts against a non-diverse defendant or whether there is no

reasonable possibility that a plaintiff can establish a cause of action against a diversity-defeating defendant under state law.  *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993); *Brooks*, 443 F. Supp. 2d at 998; *Bavone v. Eli Lilly & Co.*, Civil No. 06-153-GPM, 2006 WL 1096280, at *2 (S.D. Ill. Apr. 25, 2006); *Riddle*, 2006 WL 1064070, at *2; *Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 846 (S.D. Ill. 2006).  In other words, "fraudulent joinder is an exception to the voluntary-involuntary rule in the sense that a dismissal of a non-diverse defendant in state court will permit removal in diversity if the state-court dismissal is tantamount to a finding that 'there [is] no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court.'"  *Vogel*, 2007 WL 709002, at *8 (quoting *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988)).

In this case Merck and CVS do not argue, and the record does not show, that the state court found that the plaintiffs in the *Riddle* case asserting claims against Walgreens and Osco Drugs had alleged false jurisdictional facts against those defendants, or that those plaintiffs can establish no cause of action against Walgreens and Osco Drugs in state court.  The asserted basis for federal diversity jurisdiction in this case is simply that, because the claims of Sanders and Bobo were misjoined with claims by Riddle, Carr, and Griffin that defeated federal subject matter jurisdiction, the severance of the claims in state court now has made this case removable to state court.  However, assuming for the sake of argument that the claims of Sanders and Bobo were improperly joined under state law with those of Riddle, Griffin, and Carr against diversity-defeating parties, namely, Walgreens and Osco Drugs, the severance of those improperly-joined claims nonetheless remains within the scope of the voluntary-involuntary rule.  This Court consistently has refused to

recognize so-called "fraudulent misjoinder" of claims as a species of fraudulent joinder to defeat diversity jurisdiction. *See Bavone*, 2006 WL 1096280, at *5; *Riddle*, 2006 WL 1064070, at *8; *Rutherford*, 428 F. Supp. 2d at 855; *Rabe v. Merck & Co.*, No. Civ. 05-363-GPM, Civ. 05-378-GPM, 2005 WL 2094741, at *2 (S.D. Ill. Aug. 25, 2005). *See also Alegre v. Aguayo*, No. 06 C 5744, 2007 WL 141891, at **5-6 (N.D. Ill. Jan. 17, 2007); *Bird v. Carteret Mortgage Group*, No. 2:06-cv-0588, 2007 WL 43551, at *5 (S.D. Ohio Jan. 5, 2007); *A. Kraus & Son v. Benjamin Moore & Co.*, No. CV 05-5487(ARR)(VVP), 2006 WL 1582193, at *5 (E.D.N.Y. June 7, 2006). Consistent with this refusal to recognize the fraudulent misjoinder doctrine, the Court does not recognize fraudulent misjoinder as an exception to the voluntary-involuntary rule. *See Vogel*, 2007 WL 709002, at *9.

Because the Court does not recognize the fraudulent misjoinder doctrine, the removal of this case is subject to the limitation on federal removal jurisdiction created by the voluntary-involuntary rule. Where the voluntary-involuntary rule applies to bar removal in diversity, the removal is procedurally defective, not jurisdictionally defective. *See Vogel*, 2007 WL 709002, at *9 (citing *Taylor v. Hayes*, Civ. A. No. 90-980, 1990 WL 192486, at *3 (E.D. La. Nov. 26, 1990)) (because removal in violation of the voluntary-involuntary rule does not affect the subject matter jurisdiction of a federal court, a removal in violation of the rule must be deemed procedurally, not jurisdictionally, defective). Although a procedural defect in removal is waived unless objected to by a plaintiff within thirty days from the date of removal, *see* 28 U.S.C. § 1447(c); *Fields v. Jay Henges Enters., Inc.*, Civil No. 06-323-GPM, 2006 WL 1875457, at *2 (S.D. Ill. June 30, 2006), in this instance Sanders and Bobo have raised a timely objection to removal on the basis of the voluntary-involuntary rule, and therefore the Court is constrained to remand this case to state

court.  "The plaintiff has a right to remand if the defendant did not take the right steps when removing … and … a removed matter must be remanded if there are any defects in the removal procedure . . . .  A defendant seeking removal must strictly comply with all the statutory requirements, and where there is doubt as to whether the requirements have been satisfied, the case should be remanded."  *Yount*, 2006 WL 4017975, at *6.  In light of the timely objection to removal raised by Sanders and Bobo under the voluntary-involuntary rule, this case will be remanded to state court.

C<span style="font-variant: small-caps">ONCLUSION</span>

Merck's motion for a stay of this case (Doc. 4) is **DENIED**.  The motion for remand brought by Sanders and Bobo (Doc. 11) is **GRANTED**.   Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, by reason of a procedural defect in removal.  Merck's motion for a hearing on the motion for remand (Doc. 17) is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  3/27/07

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge